UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN JOSEPH MCCARTHY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDIANA DEPARTMENT OF CORRECTION, ) <br> G.E.O. GROUP, ) <br> CENTURION MEDICAL, ) <br> ) <br> Defendants. ) | Case No. 1:24-cv-00011-TWP-CSW |

## ORDER DISMISSING COMPLAINT AND DIRECTING FILING OF AMENDED COMPLAINT

Plaintiff Brian Joseph McCarthy ("McCarthy") is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging that he has been sexually harassed at that facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. SCREENING STANDARD

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

McCarthy sues the following defendants: Indiana Department of Correction ("IDOC"), GEO Group, and Centurion Medical ("Centurion"). He alleges that he has been harassed on several separate occasions. First, on October 25, 2022, when he was in the infirmary, Nurse Sharon sexually harassed him. Because he is blind, this unwarranted advance harmed his mental and emotional stability. Later, when he was housed in the Alpha Unit, Correctional Officer Humes reached out and caressed his forearm and stated, "what are you doing big boy?" Mr. On another occasion, Correctional Officer Stewart broadcast to the unit that McCarthy is a homosexual. Finally, shelter representative Michael Shidler told the unit that McCarthy could see just fine and stood in the bathroom to watch people. (Dkt. 1 at 2-3.)

McCarthy alleges that the IDOC, GEO Group, and Centurion failed to address these violations of his rights. He seeks monetary damages. *Id.* at 4.

## III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the Complaint, the Complaint must be dismissed for failure to state a claim upon which relief may be granted. First, McCarthy's claims are necessarily brought under 42 U.S.C. § 1983. But the IDOC, which a state agency, is not a "person" subject to suit under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Instead, McCarthy must name as defendants the people who are responsible for the alleged harassment. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

2

Next, McCarthy has failed to state a claim for relief against GEO Group or Centurion. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, a plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). While McCarthy alleges that these defendants did not investigate the alleged harassment, he does not contend that any injury he suffered resulted from a policy, practice, or custom by Centurion or GEO Group.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the Complaint is subject to dismissal.

### IV.     OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow McCarthy to amend his Complaint if, after reviewing this Court's Order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under

28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

McCarthy shall have **through Tuesday, May 7, 2024, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that McCarthy is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury McCarthy claims to have suffered and what persons are responsible for each such injury. In organizing his amended complaint, McCarthy may benefit from utilizing the Court's complaint form.  The **Clerk is directed** to include a copy of the prisoner civil rights complaint form along with McCarthy's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-00011-TWP-CSW and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original complaint.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation McCarthy wishes to pursue in this action.

If McCarthy files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).  If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date:  4/9/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian Joseph McCarthy, #283937
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
New Castle, Indiana 47362